**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Kemp Strickland
Assistant U.S. Attorney
Kemp.Strickland@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Asphaug, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 21, 2022

Conor Huseby
Assistant Federal Defender
Federal Defenders Office
101 SW Main Street, Suite 1700
Portland, OR 97204

Re: *United States v. Fayao Rong*, Case No. 3:22-cr-00046-HZ
    Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, which charges Conspiracy to Manufacture Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii), and 846.

3. **Penalties**: The maximum sentence on Count One is life imprisonment, a fine of $10,000,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), a lifetime of supervised release, a $100 fee assessment, and a mandatory minimum term of imprisonment of 10 years and five years of supervised release. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    First, beginning on a date unknown and continuing up until September 9, 2021, there was an agreement between two or more persons to manufacture marijuana;

    Second, the defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose; and

    Third, the quantity exceeded 1,000 marijuana plants.

    During the time charged in the conspiracy, defendant and others purchased several residential premises in Oregon and converted them into facilities to illegally grow marijuana. The marijuana was grown, harvested and transported to other states, where it was illegally sold for profit. During the time period of the conspiracy, law enforcement seized 32,316 live marijuana plants, as well as 1,804 pounds of bulk marijuana, discovered in the properties used to grow the marijuana, as well as seized bulk marijuana grown or transported by members of the conspiracy. Defendant was aware he was illegally manufacturing marijuana and that he agreed with at least one other person to do so. Defendant agrees to these facts and that the government can prove the elements of the offense beyond a reasonable doubt.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**: The parties agree that pursuant to USSG § 2D1.1(c)(4), and note (E), defendant's relevant conduct is 32,316 marijuana plants, and 1,804 pounds of bulk marijuana, producing a Base Offense Level of 32.

8.  **Premises Enhancement**: The parties that a two-level upward adjustment for maintaining a premises for the purpose of manufacturing or distributing a controlled substance is warranted pursuant to USSG § 2D1.1(b)(12).

9.  **No Role Adjustment**: The parties agree that no upward or downward role adjustments are warranted under USSG § 3B1.1 or § 3B1.2.

10. **"Safety Valve" Adjustment**: The parties agree that defendant does not qualify for "safety valve" relief because of his level of involvement in the conspiracy. 18 U.S.C. § 3553(f)(4) and USSG § 5C1.2(a)(4).

11. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

12. **18 U.S.C. § 3553(a) Variance**: If defendant timely accepts this offer, and forgoes filing pretrial motions, the government will recommend an additional two-level decrease in the offense level to achieve a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a).

13. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant is free to seek any lawful sentence.

14. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

15. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or

sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1) including, but not limited to all property listed in the Bill of Particulars filed in this case, as any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of violations set forth in Count One, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations and any property real and personal, involved in violations set forth in Count One of the Indictment, and all property traceable to such property.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed properties in any civil proceeding, administrative or judicial, which has been initiated, including the properties at issue in *U.S. v. 16 Real Properties*, 3:21-cv-01481-BR. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.     **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.     **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.     **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.     **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

20.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

21.    **Deadline**: This plea offer expires if not accepted by May 19, 2022.

                                           Sincerely,

                                           SCOTT ASPHAUG
                                           United States Attorney

                                           */s/ Kemp L. Strickland*
                                           KEMP STRICKLAND
                                           Assistant United States Attorney

Conor Huseby
Re: Rong Plea Agreement Letter
Page 6
April 21, 2022

     I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/12/22
Date

*Fayao Rong*
FAYAO RONG
Defendant
Signed on my behalf by my attorney

     I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/12/22
Date

*Conor Huseby*
CONOR HUSEBY
Attorney for Defendant

This document was interpreted by John Wan, Mandarin interpreter, over the course of two phone calls. I understood the interpreter completely.

5/12/22
Date

*Fayao Rong*
Fayao Rong
Signed on my behalf by my attorney with my permission.