Conor Huseby, OSB #06373
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
conor_huseby@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES V. FAYAO RONG,<br><br>Defendant. | Case No.: 3:22-cr-00046-HZ<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER |

The defendant represents to the court:

1.  My name is Fayao Rong. I am 51 years old. I have gone to school through middle in school in China.

2.  My attorney is Assistant Federal Public Defender Conor Huseby.

3. My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charges alleged against me to which I am pleading "GUILTY" are as follows: I knowingly agreed with two or more people to manufacture marijuana, joined the agreement/conspiracy with the intention of manufacturing marijuana, and the conspiracy involved more than 1000 marijuana plants. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offenses to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to

receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

> The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;
>
> The right to have the assistance of an attorney at all stages of the proceedings;
>
> The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;
>
> The right to see, hear, confront, and cross-examine all witnesses called to testify against me;
>
> The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and
>
> The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows: The

government will recommend that I receive a certain sentence and my attorney is free to recommend any sentence he deems appropriate. The Court is not bound by the recommendations of the government, the probation office, or my attorney, and if I receive a sentence that is different than what I expected, I may not withdraw my guilty plea.

10. I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is life in prison and a fine of $10,000,000. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

11. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

12. My attorney has discussed with me sentencing under federal law. I know that the judge will consider sentencing factors under 18 U.S.C. § 3553(a) in determining a proper sentence, including; the nature and circumstances of the offense and my history and characteristics; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crime by me, and provide me with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the advisory United States Sentencing Guidelines and policy statements; the need to avoid unwarranted sentencing disparities

among defendants; and, the need to provide restitution to any victims. I know that the judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

13. I know from discussion with my attorney that if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

14. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to five years. If I violate the conditions of supervised release, I may be sent to prison for up to five years.

15. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty pursuant to 18 U.S.C. § 3663A(a)(1)(3) . I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from

imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

16. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

17. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

18. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other cases, and that I can be faced with consecutive sentences of imprisonment.

19. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor.

20. My plea of "GUILTY" is not the result of force, threat, or intimidation.

21. I request that the judge accept my plea of "GUILTY" to the following counts: Count 1- Conspiracy to Manufacture Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) , and 846.

22. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charges to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> Beginning in 2019, I made an agreement with several other people to purchase residential properties and use them to illegally grow marijuana for sale. I provided a portion of the money used to purchase the properties and was involved in the logistics of growing, harvesting, and transporting the marijuana to New York where it was sold.

23. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the pages and paragraphs of this Petition on this 12th day of May, 2022.

*Fayao Rong*
Fayao Rong
Defendant
(Signed on my behalf by my attorney with my permission)

# CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Fayao Rong, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition to Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable law regarding federal sentencing.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this 12th day of May, 2022.

*Conor Huseby*
Conor Huseby
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crimes to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 19 of May, 2022, in open court.

_____
The Honorable Marco A. Hernandez
Chief United States District Court Judge